SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.
Plaintiff-Appellant Assuranceforeningen Skuld (Gjendisig) Den Danske Afdeling (“Skuld”) appeals from the judgment of the United States District Court for. Southern District of New York (Patterson, J.) affirming a grant of summary judgment by the United States Bankruptcy Court for the Southern District of New York (Black-shear, /.).
The bankruptcy court determined that (i) the Norwegian choice-of-law provision in an insurance policy purchased from Skuld by Debtor Millenium Seacarriers (“Millenium”) is binding on the parties; (ii) under Norwegian law, unpaid protection and indemnity (“P&I”) insurance premiums owed by Millenium to Skuld are not maritime liens and therefore are not protected by the Federal Maritime Lien Act, 46 U.S.C. § 31342; and (iii) the unpaid P&I premiums are therefore junior in priority to the mortgage interests of Defendants-Appellees Allfirst Bank and Way-land Investment Fund, LLC (together “Appellees”).
As the district court noted, “both parties’ experts on Norwegian law ... agree claims for unpaid insurance premiums do not create maritime liens under the law of Norway.” Because Norwegian law does not recognize its maritime lien claims, Skuld and its legal expert argue that it is free to pursue such a claim under U.S. law. Skuld’s argument ignores precedent from the Supreme Court and this Court.
In transactions of an international character, freely negotiated choice-of-forum *755 and choice-of-law clauses are binding unless a court finds “that it would be unfair, unjust, or unreasonable to hold [a] party to his bargain.” M/S Bremen et al. v. Zapata Off-shore Co., 407 U.S. 1, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).
Skuld has not suggested that any such injustice results if it is held to a choice-of-law provision that it negotiated for its own benefit. “In the absence of other considerations, the agreement to submit to arbitration or the jurisdiction of [foreign] courts must be enforced even if [the] agreement tacitly includes the forfeiture of some claims that could have been brought in a different forum.” Roby, et al. v. Corporation of LLoyd’s, et al., 996 F.2d 1353, 1360-61 (2d Cir.1993). Skuld has failed to show any “other considerations,” contractual or otherwise, that should relieve it from the consequences of its own bargain. Cf., Liverpool and London Steamship Protection and Indemnity Assoc. Ltd. v. M/V Queen of Leman, 296 F.3d 350 (5th Cir.2002) (holding that U.S. law governed whether a maritime lien existed because the terms of the choice-of-law clause were written so as not to include all possible in rem actions); Restatement (Second) of Conflict of Laws § 187(3) (1971).
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.